IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00204-MSK-MEH

MARTINO WIDJAJA,

      Plaintiff,

v.

R. JAMES NICHOLSON,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY

---

      Pending before the Court is Defendant's Motion to Stay Discovery [filed June 25, 2008; docket #30]. The matter is briefed and has been referred to this Court for disposition [docket #31]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendant's Motion to Stay Discovery is **granted**.

## I.      Background

      Plaintiff instituted this action on January 31, 2008. In essence, Plaintiff alleges that he was set up for termination from employment based on his race and color after a gun was placed in his fanny pack, the pack was illegally searched and seized, and Plaintiff was placed on administrative leave and forced to reside in a house contaminated by anthrax. *See* Complaint [docket #3]. Plaintiff further alleges that Defendant attempted to kill him, and seeks $30,000,000.00 in damages. *Id.* On June 16, 2008, Defendant responded to the Complaint by filing a Motion to Dismiss the claims against it, in part, for lack of jurisdiction, based upon a defense of sovereign immunity. *See* docket #27. Thereafter, on June 25, 2008, Defendants filed the within Motion to Stay Discovery, arguing that until the question of whether sovereign immunity applies in this case is resolved, "discovery

should not be allowed." *See* docket #30 at 4. Defendant contends that since Plaintiff has not administratively exhausted his claims, there is no waiver of sovereign immunity that allows Plaintiff to pursue his claims against the government. *Id.* at 5. Plaintiff did not respond to the motion.

## II.  Discussion

Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry,* 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh,* 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same).

Here, Defendant asserts that the Court lacks jurisdiction on all of Plaintiff's asserted claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendant's Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the *entire* dispute, the question should be resolved as early as possible in the litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995). Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendant.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery [filed June 25, 2008; docket #30] is **granted**.  All discovery is hereby stayed in this case pending the District Court's ruling on Defendant's Motion to Dismiss.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

Dated at Denver, Colorado, this 18th day of July, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge