IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00204-MSK-MEH

MARTINO WIDJAJA,

    Plaintiff,

v.

R. JAMES NICHOLSON,

    Defendant.

## OPINION AND ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 27)**. The Plaintiff has filed no response to the motion.

The Plaintiff's handwritten portion of the *pro se* Complaint **(# 3)** is somewhat incomplete and difficult to follow, and the Court supplements its understanding of the Plaintiff's allegations by looking to the administrative materials attached by the Plaintiff as exhibits. The Plaintiff was apparently employed as a medical technologist by the U.S. Department of Veteran's Affairs at the V.A. Medical Center ("the hospital") in Grand Junction, Colorado.

On December 31, 2005[1] (or possibly January 1, 2006), the Plaintiff, believing himself to have been infected with Anthrax, went to the hospital's lab to perform tests on himself and

---

[1]The handwritten portion of the Plaintiff's Complaint places the date of this incident in December 2006. However, attachments to the Complaint place the date of the incident in December 2005. Because the 2005 date harmonizes with other events in the case, the Court will use the 2005 date.

1

certain items of his property. Noting that the Plaintiff had not signed in, an official at the hospital inquired of the Plaintiff's supervisor whether the Plaintiff was supposed to be on premises. The supervisor informed the official that the Plaintiff was not supposed to work that day, and the official then contacted the hospital's police staff. A police officer contacted the Plaintiff and accompanied him to the office of Dr. O'Neil, the Medical Officer in Charge. During that time, the police officer instructed the Plaintiff that he would have to leave the building if he was not on duty. When the met with Dr. O'Neil, Dr. O'Neil asked the Plaintiff if he had been "taking something," to which the Plaintiff responded that he had been taking vitamins and drinking Red Bull, an energy drink. Dr. O'Neil clarified his question, asking if the Plaintiff had been taking drugs. The Plaintiff denied having done so, and Dr. O'Neil inquired whether the Plaintiff would voluntarily submit to a drug test. The Plaintiff declined to do so and left the facility. The Plaintiff alleges that he then drove to New Mexico to receive treatment for Anthrax infection.[2]

Next, the Plaintiff alleges that on November 27, 2006,[3] an unknown person placed a handgun in the Plaintiff's "fanny pack" while the pack hung in a restroom. Thereafter, "those that put the gun there" "illegally searched" the Plaintiff and found the weapon. The Plaintiff states that he was placed on "indefinite administrative leave," and was forced to stay home in his contaminated residence. He states that this was "another attempt to kill me." The Complaint

---

[2]The Complaint alleges that the Plaintiff's "truck and home and contents were contaminated with Anthrax," but does not allege who he believes is responsible for it.

[3]Once again, the Complaint gives the date of this event at 2007. For various reasons, including the factual recitation in *U.S. v. Widjaja*, 2008 WL 384573 (D. Colo. Feb. 11, 2008) and *U.S. v. Widjaja*, 291 Fed.Appx. 163 (10th Cir. 2008) (unpublished), it appears this event actually occurred in 2006.

2

alleges that on January 7, 2007, he was fired based on a false claim of handgun possession. He alleges that the Hospital "stated that I was fired because I was guilty. However, the court did not deliver a verdict until February 6, 2007," and thus, he was fired "before a verdict was given."[4]

He also alleges that on November 13, 2007, he received a "judgment" from the EEOC that the Hospital failed to comply with. The exhibits attached to the Complaint shed some light on this allegation. According to an EEOC Determination issued on or about October 17, 2007, on March 10, 2006, the Plaintiff filed an EEO complaint with the Hospital, alleging that he was discriminated against with regard to the incident with Dr. O'Neil. Specifically, the EEO complaint alleged that: (i) the instruction that he leave the premises was discriminatory; and (ii) Dr. O'Neil's request that he take a drug test was discriminatory. The Hospital's EEO officer conducted an investigation and concluded that the Plaintiff had not been discriminated against. The Plaintiff timely appealed that conclusion to the EEOC, and the October 2007 EEOC determination reflects the EEOC's review of the EEO officer's conclusions. With regard to the claim that the plaintiff's removal from the Hospital premises on January 1, 2006 was discriminatory, the EEOC agreed with the EEO officer that that action was not discriminatory. However, with regard to the claim that Dr. O'Neil discriminated against the Plaintiff by asking him to take a drug test, the EEOC found that "the record is incomplete" because the Hospital had instructed Dr. O'Neil to not provide an affidavit to the EEO officer (ostensibly because the Plaintiff had filed a lawsuit against the Hospital). Thus, the EEOC vacated the EEO officer's

---

[4]According to *U.S. v. Widjaja*, 2008 WL 384573 (D. Colo. Feb. 11, 2008), on February 6, 2007, a Magistrate Judge found the Plaintiff guilty of unlawfully possessing a weapon on federal property. That finding of guilt was upheld by the District Court on August 9, 2007, and by the 10th Circuit Court of Appeals on August 27, 2008.

3

findings with regard to this claim, and remanded the matter to the Hospital for further investigation.[5] Specifically, the Hospital was required to acknowledge receipt of the remand, in writing, with copies sent to the Plaintiff and the EEOC's Compliance Officer within 30 days of the October 17, 2007 determination. Another exhibit attached to the Complaint is an October 17, 2007 letter to the Hospital from the EEOC's Officer of Federal Operations, giving further instructions as to how the Hospital was to make contact with the EEOC Compliance Officer. The Court interprets the Plaintiff's allegation that the Hospital failed to comply with a November 13, 2007 "judgment" of the EEOC to relate to the compliance directed in the October 17, 2007 determination.

The Complaint purports to allege claims of race/color[6] discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The Complaint identifies the alleged unlawful actions as "Demotion/Discharge from Employment" and a category of "Other," in which the Plaintiff wrote "inappropriate inquiry and attempted murder."

The Defendant moves to dismiss **(# 27)** the Plaintiff's Complaint, arguing: (i) that any claim relating to the encounter with Dr. O'Neil (or matter relating to his treatment or lack thereof for Anthrax contamination) should be dismissed for lack of subject matter jurisdiction on the grounds that the Plaintiff failed to exhaust his administrative remedies on such a claim by filing an EEO complaint; (ii) that the Plaintiff fails to state a claim for discrimination based on this incident; (iii) to the extent the Plaintiff alleges that he was suspended for possessing the weapon and later terminated, the Court lacks subject matter jurisdiction over the claim because that issue

---

[5]The EEOC directed that the Hospital "acknowledge to [the Plaintiff] that it has received the remanded claims within 30 days of the EEOC's October 2007 determination, and that i

[6]The Plaintiff identifies himself as "African American/Native American."

is the subject of a currently-pending appeal by the Plaintiff to the Merit Systems Protection Board (MSPB); (iv) to the extent the Court has jurisdiction over such a claim, the Plaintiff fails to adequately state a violation of Title VII under such circumstances; (v) to the extent the Plaintiff asserts that the Hospital has failed to comply with an order from the EEOC, the Court lacks subject matter jurisdiction because the Plaintiff has failed to exhaust his administrative remedies by petitioning the EEOC to enforce that order; (vi) to the extent the Plaintiff is asserting tort claims, the Court lacks subject matter jurisdiction over them because the Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Defendant seeks dismissal on both jurisdictional grounds and for failure to state a claim. When reviewing a motion seeking dismissal for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view

those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

When faced with a motion challenging the existence of subject matter jurisdiction under Rule 12(b)(1), the Court must first ascertain the form of that motion. Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *citing Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir.1995). A facial attack merely requires the Court to assess the sufficiency of the Complaint's allegation of subject matter jurisdiction, and thus, the Court treats the factual averments in the Complaint as true. *Paper, Allied-Industrial, Chemical and Energy Workers Int'l. Union v. Continental Carbon Co.*, 428

F.3d 1285, 1292 (10th Cir. 2005). Where the defendant goes beyond the factual allegations in the Complaint, the Court may not presume the truthfulness of the complaint's factual allegations; rather, the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*; *Sizova v. National Institute of Standards and Technology*, 282 F.3d 1320,1324 (10th Cir. 2002). The burden is on the proponent of federal jurisdiction – here, the Plaintiff – to establish that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Exhaustion of available administrative remedies is a jurisdictional prerequisite for a party asserting a claim under Title VII. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). Typically, federal employees can pursue either of two separate avenues to administratively exhaust a claim of employment discrimination: filing an EEO complaint with the employing agency, or by filing a claim with the MSPB. *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003). If the employee chooses the EEO route, he or she files a complaint with the employing agency. The agency's EEO officer conducts an investigation and reaches a conclusion. If the employee disagrees with that conclusion, the employee may appeal it to the EEOC, and the EEOC will review the results of the EEO officer's investigation and render a determination. If the employee remains aggrieved after the EEOC's determination, he or she may proceed to file a complaint in federal court. *Id.* at 624. On the other hand, an employee that files a claim with the MSPB will ultimately receive a hearing where he or she will be required to put on evidence in support of his or her claims. *Id.* If an employee proceeding through the MSPB route fails to put on evidence of discrimination claims, those claims are deemed abandoned and unexhausted. *Id.* On the other hand, if an employee fully presents a claim to the MSPB and is dissatisfied with the

result, the employee may relitigate the claim *de novo* in federal court. *Id.* at 622. By selecting one route or the other, the employee elects a remedy and is obligated to proceed to conclusion through the chosen route. *Id.* at 622.

Here, the Defendant breaks the Plaintiff's claims up into three categories: (i) a claim of discrimination (or possibly hostile environment harassment) relating to Dr. O'Neil's inquiry as to whether the Plaintiff was taking drugs and the instruction that the Plaintiff leave the premises; (ii) a claim of discrimination with regard to his suspension and eventual termination for possessing a weapon; and (iii) the agency's failure to comply with the EEOC's remand. The Court will address the Defendants' arguments with regard to each of these claims.

With regard to the first issue – the encounter with Dr. O'Neil – the Defendant argues that the Plaintiff did not exhaust this claim. This contention is puzzling: the EEOC determination attached to the Complaint specifically indicates that the Plaintiff filed an EEO complaint addressing his ejection from the facility on January 1, 2006 and Dr. O'Neil's request that he take a drug test. Indeed, a copy of the Plaintiff's March 10, 2006 EEO complaint to this effect is attached to the Defendant's motion.[7] By all appearances, the Plaintiff exhausted that portion of the claim that relates to his ejection from the facility, as the EEOC's determination affirmed the EEO officer's findings, thus operating as a final determination of that issue. However, it does not appear that the Plaintiff exhausted a claim relating to Dr. O'Neil's request that he take a drug

---

[7]The crux of the Defendant's argument appears to be the a hyper-technical reading of the apparently erroneous date given by the Plaintiff for this event. The Defendant states that the Plaintiff "has not alleged in any EEO complaint [the] events of December 31, 2006," (emphasis added), but disingenuously fails to acknowledge that the events the Plaintiff describes occurring on that date are clearly those that were alleged in the EEO complaint to have occurred on December 31, 2005.

test. The EEOC did not render a final determination on this issue, instead remanding it back to the Hospital for further investigation. Because record does not indicate (and the Plaintiff has not come forward with evidence to show) that the drug testing request issue has been fully exhausted, this Court lacks jurisdiction over the Plaintiff's claim concerning that issue. Accordingly, the Court has jurisdiction only over the Plaintiff's claim that his ejection from the facility on December 31, 2005/January 1, 2006 was discriminatory.

The Defendant next argues that the Plaintiff fails to state a claim for discrimination based on this incident. In order to sufficiently plead a claim of discrimination, the Plaintiff need not plead the specific elements of a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). However, the Plaintiff must satisfy the "ordinary rules for assessing the sufficiency of a complaint". *Id.* at 511. As the Supreme Court later explained, *Swierkiewicz* stands only for the proposition that a heightened pleading requirement does not apply in discrimination questions; the Plaintiff must still allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973-74 (2007).

Here, the Court finds that the Plaintiff's simple assertion that he was told to leave the Hospital's premises on December 31, 2005/January 1, 2006 is insufficient to state a claim of discrimination under Title VII. Although the Plaintiff is not required to specifically plead each element of a *prima facie* case, he must, at a minimum, allege that he was subjected to an act that affected the terms and conditions of his employment. A claim for discrimination will lie only when an employee has experienced "a significant change in employment status, such as hiring, firing, failing to promote, [or other event] causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). By contrast, "mere inconveniences" are not

actionable. *Id.* The Plaintiff's allegation that he was asked to leave the facility on a day he was not scheduled to work and at a time when he was admittedly using the Hospital's laboratory facilities for personal purposes cannot state a claim for prohibited employment discrimination. The Complaint does not allege that directing the Plaintiff off the premises on that particular day had any future ramifications with regard to his employment or that it was the functional equivalent of terminating him; indeed the Complaint appears to allege that he continued working at the Hospital for close to a year. Simply put, the incident in which the Plaintiff was told to leave the premises on his day off does not state a plausible claim for employment discrimination. Thus, the Defendant is entitled to dismissal of all claims relating to the incident with Dr. O'Neil.

The second set of claims relate to the Plaintiff's suspension and eventual termination for weapon possession in late 2006/early 2007. The Defendant argues that the Plaintiff has not adequately exhausted this claim because he raised claims concerning these events, including the claims of discrimination he asserts here, in a MSPB proceeding that remains unresolved. The record[8] reflects that on January 18, 2007, the Plaintiff filed both an EEO complaint and an MSPB complaint, both of which clearly assert that, among other things, the Plaintiff's suspension and termination relating to the weapon possession charge was discriminatory. On March 28, 2007, the MSPB dismissed the Plaintiff's complaint as premature, deferring to the pending EEO complaint. On July 18, 2007, the Plaintiff filed what appears to be an appeal of that MSPB dismissal. The record contains an Order from the MSPB, dated August 2, 2007, that grants the Plaintiff's request to withdraw his MSPB appeal, without prejudice, "subject to the completion

---

[8]Because the Defendant attacks the sufficiency of the underlying facts supporting the Plaintiff's invocation of federal jurisdiction, the Court can properly consider evidence outside the four corners of the Complaint. *Continental Carbon,* 428 F.3d at 1292.

of the appeal of his criminal conviction." Finally, the record contains an MSPB Order, dated April 17, 2008, that notes that the Plaintiff's appeal "has been refiled as of April 17, 2008."

Admittedly, the record is by no means clear. Among other things it is not apparent that the Plaintiff's January 18, 2008 EEO complaint – the one which the MSPB deemed to have been filed first (thus constituting an election of remedies preventing subsequent pursuit of MSPB relief, *see Coffman*, 328 F.3d at 622, *citing* 29 C.F.R. § 1614.302(b)) – has been exhausted through appeal to the EEOC, nor is it entirely clear the extent to which the Plaintiff's current MSPB appeal is addressed to the merits of his discrimination claim. Nevertheless, to the extent the record does not establish full exhaustion of at least one of the administrative schemes, that failure inures to the detriment of the Plaintiff, as the party with the burden of showing jurisdiction (and thus, adequate exhaustion). Because the Plaintiff has not come forward with evidence to show that he has completely exhausted the claims in his January 18, 2007 charges before either the EEOC or MSPB, the Court finds that it lacks subject matter jurisdiction over the claims relating to his suspension and termination for weapon possession. Accordingly, those claims are dismissed.

Finally, the Plaintiff appears to allege some sort of claim arising from the Hospital's failure to comply with the EEOC's remand that it continue investigating the incident involving Dr. O'Neil requesting that the Plaintiff take a drug test. The Defendant contends that the Plaintiff has failed to exhaust administrative remedies with regard to this claim, insofar as he has not sought an order from the EEOC compelling compliance with the remand order. Arguably, the EEOC has a mechanism by which parties to the proceeding can seek to compel compliance with EEOC orders, and the record does not reflect that the Plaintiff has invoked that machinery.

But the Court need not reach that question because it is by no means clear that the Plaintiff's allegation that he has some cognizable right of action arising from the Hospital's failure to comply with the EEOC's remand. Without some understanding of the source of this claim, the Court cannot assess whether, and to what extent, the Plaintiff is obligated to exhaust his administrative remedies. Such a claim does not appear to arise under Title VII, in that the Hospital's disobedience of an EEOC order does not fall within the prohibited acts described in 42 U.S.C. § 2000e-2(a), nor any other provision of Title VII that creates an individual right of action by an employee. Unable to ascertain a source for the Plaintiff's contention that he is entitled to some relief based on the Hospital's refusal to comply with the remand, the Court must dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly, the Defendant's Motion to Dismiss **(# 27)** is **GRANTED**. The claims in the Complaint are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as set forth herein. The Clerk of the Court shall close this case.

Dated this 9th day of February, 2009

                                                **BY THE COURT:**

                                                *[signature: Marcia S. Krieger]*

                                                Marcia S. Krieger
                                                United States District Judge